United States District Court
Southern District of Texas
**ENTERED**
June 07, 2016
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| | | |
|---|---|---|
| WENDY J. GREEN | § | |
| | § | |
| V. | § | CIVIL ACTION NO. G-15-241 |
| | § | |
| WELLS FARGO HOME MORTGAGE, | § | |
| ET AL. | § | |

## REPORT AND RECOMMENDATION

Before the Court by referral is the Motion to Dismiss of Defendant, Wells Fargo Home Mortgage, LLC (WFH); the Motion seeks the dismissal of all claims asserted against it by Plaintiff, Wendy J. Green. Having considered the Parties' submissions, the Court issues this Report and Recommendation.

On January 7, 2014, Green, acting *pro se*, filed this action in the 239th District Court of Brazoria County, Texas, against WFH and twenty-one Doe Defendants. She has never had any Defendants served with process. By September 2015, WFH learned of the lawsuit and on September 9, 2015, it appeared in the action and removed it to this Court. WFH now seeks its dismissal under Rule 12(b)(6) for failing to allege any viable claims.

Green purchased a house in Rosharon, Texas, on September 26, 2002. In connection with the purchase she executed a Promissory Note and a Deed of Trust in favor of Summit Mortgage Company. Summit, that same day, assigned the instruments to Washington Mutual Bank. The FDIC forced Washington Mutual into receivership and

acting as receiver it assigned the Deed of Trust to Bank of America on April 23, 2012. Thereafter, WFH acted as the servicer of the loan.  Green defaulted and the property was thereafter scheduled for foreclosure on January 7, 2014.  That sale, however, did not take place.  The property was ultimately sold by non-judicial foreclosure on September 1, 2015, and a Substitute Trustee's Deed was executed in favor of Bank of America.  Copies of these publicly recorded documents have been submitted by WFH and are subject to judicial notice for purposes of the Motion to Dismiss.

In her lawsuit Green asserts a plethora of claims against WFH arising out its actions in foreclosing on her property.  The claims are the same hackneyed claims that were so popular among distressed mortgagors several years ago, but quickly debunked by the federal courts.  This Court will, therefore, only tersely dispatch the claims.

Green argues that WFH has not shown it is the holder or owner of the note in order to foreclose, but this "show-me-the-note" theory has been flatly rejected.  See e.g., Martins v. BAC Home Loans Servicing, L.P., 722 F.3d 249, 252-54 (5th Cir. 2013). Texas law permits a mortgage servicer to conduct a non-judicial foreclosure.  Green's related claim that WFH cannot trace the chain of title to itself would likewise fail, but, regardless, WFH's exhibits prove the title is "unbroken" from Summit through Bank of America.

Green's argument that the assignment to Bank of America was void fails for the lack of any supportive argument: it is simply her bald opinion. Moreover, as a non-party to the assignment, Green would have no standing to challenge it. <u>Reinagel v. Deutsch Bank National Trust Co.</u>, 735 F.3d 220, 224-25 (5th Cir. 2013).

Green also lacks standing to enforce the terms of the consent judgment entered against, *inter alios*, WFH by the United States District Court for the District of Columbia in 2012. <u>See</u> <u>McCain v. Bank of America</u>, 13 F.Supp. 3d 45, 54 (D. D.C. 2014), <u>see also</u>, <u>Fowler v. U.S. Bank National Ass'n.</u>, 2 F.Supp. 3d 965, 985 (S.D. Tex. 2014).

Green's claim under the Texas Deceptive Trade Practices Act fails because, *inter alia*, as a mortgagee she was not a consumer, a required element of a DTPA claim. <u>Riverside National Bank v. Lewis</u>, 603 S.W. 2d 169, 175 (Tex. 1980).

Green alleges that WFH breached the terms of the Deed of Trust by not timely recording the Notice of the foreclosure sale set for January 7, 2014, but her allegation is belied by a copy of the Notice filed with Brazoria County on December 16, 2013, 22 days before the scheduled sale date. Of course, the fact that the sale did not take place would have negated any ability of Green to establish damages for any breach of contract claim had the Notice been untimely filed.

Green's reliance on an alleged violation of Section 51.002(d) of the Texas Property Code to establish her claim that she never received notice of the foreclosure sale is misplaced. Section 51.002(d) does not provide a private right of action. <u>Ashton v. BAC</u>

3

Home Loan Servicing, L.P., 2013 WL 3807756 at *2 (S.D. Tex., July 19, 2013).  Were the Court to construe Green's claim as one for wrongful foreclosure it would be moot: the sale did not take place and there is no cognizable claim under Texas law for attempted wrongful foreclosure.  Motten v. Chase Home Finance, 831 F.Supp. 2d 988, 1007 (S.D. Tex. 2011).

Green's assertion that WFH failed to give her notice of its receipt of the mortgage loan by transfer in violation of the Truth in Lending Act is without merit because the Act does not apply to loan servicers, like WFH, who are not owners of the obligation.  15 U.S.C. § 1602(f).

Green's conversion claim fails because the money received by WFH related to the discharge of Green's indebtedness, the money was not in the form of a specific chattel delivered to WFH for safe keeping.  Cf.  Mitchell Energy Corp. v. Samson Resources Co., 80 F.3d 976, 984 (5th Cir. 1996) (citing, Crenshaw v. Swenson, 611 S.W. 2d 886, 891 (Tex. Civ. App.-- Austin 1980, writ ref'd n.r.e.).

As an alternative to conversion, Green has asserted a claim for money had and received; she alleges she needs the money back from WFH in order to pay it to the true note holder.  That naked allegation is simply conclusory: it does not identify the "true note holder," it does not explain how WFH, as servicer of the loan, is holding money that belongs to her and, thus, her allegations do not state a plausible claim.  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

4

Green's claim to quiet title fares no better.  She alleges her title is clouded because WFH claimed it had an enforceable security lien against it when, in fact, its claim was invalid.  But Green offers no proof WFH's authority to foreclose was invalid other than her "break in the title" argument which is refuted by the recorded assignments.  Nor has she offered any proof establishing the superior strength of her own title which must exist in order for her to prevail on a quiet title claim.  Martin v. Amerman, 133 S.W. 2d 262, 265 (Tex. 2004).

Green's claim for attorney's fees fails for an obvious reason: she is acting *pro se* and has incurred no attorney's fees.

The remainder of Green's claims are for declaratory relief, but a request for declaratory relief is not an independent cause of action, in the absence of any underlying viable claims such relief is unavailable.  Collin County, Texas v. Homeowners Ass'n for Values Essential to Neighborhoods, 915 F.2d 167, 170-171 (5th Cir. 1990).

Green's Motion to Amend in lieu of dismissal should be denied: any attempt to amend her complaint to avoid future summary dismissal would be futile.  Briggs v. Mississippi, 331 F.3d 499, 508 (5th Cir. 2003).

For the foregoing reasons, it is the **RECOMMENDATION** of this Court that the Motion to Dismiss (Instrument no. 14) of  Defendant, Wells Fargo Home Mortgage, LLC, be **GRANTED**, and that all claims asserted against it by Plaintiff, Wendy J. Green, in her Original Petition be **DISMISSED, with prejudice.**

5

It is further **RECOMMENDED** that all unarticulated claims asserted by Plaintiff, Wendy J. Green, against the twenty-one unserved Doe Defendants be **DISMISSED for lack of timely service, expiration of applicable limitations and/or want of prosecution.**

The Clerk **SHALL** send a copy of this Report and Recommendation to the Parties who **SHALL** have until **June 24, 2016**, to file written objections.  The Objections SHALL be electronically filed and/or mailed to the Clerk's Office at P.O. Drawer 2300, Galveston, Texas 77553.  Failure to file written objections within the prescribed time **SHALL** bar any Party from attacking on appeal the factual findings and legal conclusions accepted by the District Judge, except upon grounds of plain error.

**DONE** at Galveston, Texas, this _____7th_____ day of June, 2016.

_____

John R. Froeschner
United States Magistrate Judge

6